UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ABRAHAM C. CORTES,

        Petitioner,

vs.                                Case No. 3:10-cv-847-J-37JBT

SECRETARY, DOC, et al.,

        Respondents.

_____

**ORDER**

    Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 8, 2010.[1] He is proceeding on a Second Amended Petition (Doc. #15) (hereinafter Second Amended Petition).

---

[1] The Petition was filed with the Clerk on September 10, 2010; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). The Court will give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

He challenges his 2003[2] Duval County conviction for capital sexual battery and misdemeanor battery.

## STANDARD OF REVIEW

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. Id. at 785.

There is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to the factual determinations of both trial and appellate courts. See Bui v.

---

[2] The judgment was entered on November 7, 2003, and the sentence was entered on December 12, 2003. The Court notes that the Judgment, Ex. 2 at 80-81, contains a scrivener's error in that the misdemeanor battery verdict was actually rendered with regard to Count II, not Count I. See id. at 76, Verdict. Additionally, the Judgment is marked, "entered a plea of guilty[,]" where it should have been marked to show Petitioner had "been tried and found guilty by jury[.]" Id. at 80. However, these scrivener's errors will not prevent the Court from considering the merits of the Second Amended Petition.

2

<u>Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003).   No evidentiary proceedings are required in this Court.

### ONE YEAR LIMIT

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other

3

> collateral review with respect to the
> pertinent judgment or claim is pending shall
> not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' December 12, 2011, Response and Motion to Dismiss (Doc. #35) (hereinafter Response). In support of their contentions, they have submitted exhibits.[3] See Index to Exhibits (Doc. #38). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. #19). Petitioner filed a Traverse/Reply and Corrections (Doc. #39) (hereinafter Reply).

The record shows the following. After a jury trial, Petitioner was found guilty of capital sexual battery and misdemeanor battery. Ex. 2 at 75-76, 80-86. The judgment was entered on November 7, 2003, and the sentence was entered on December 12, 2003. Id. Petitioner was found to be a sexual predator. Id. at 90. He appealed, id. at 96, Ex. 9, Ex. 10, and the conviction was per curiam affirmed on February 14, 2005. Ex. 11. The mandate issued on March 2, 2005. Ex. 12 at 184. His conviction became final on May 15, 2005 (90 days after February 14, 2005) ("According to rules of the Supreme Court, a petition for

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

4

certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Petitioner did not file a petition for writ of certiorari. Second Amended Petition at 4.

The statute of limitations period began to run, and ran for 221 days, until Petitioner filed a Rule 3.850 motion on December 22, 2005, pursuant to the mailbox rule. Ex. 12 at 1-32. The Order Denying Defendant's Motion for Post-Conviction Relief was filed on March 14, 2008. Id. at 135-43. The time to file an appeal expired on April 13, 2008. The one-year limitations period ran for 135 days until Petitioner filed a petition for belated appeal of the denial of the Rule 3.850 motion, which was granted.

Respondents contend that nothing was pending until January 26, 2009, when the First District Court of Appeal granted the motion for belated appeal. Response at 7. Respondents assert that 288 days of untolled time ran from April 13, 2008 to January 26, 2009, when the belated appeal was granted. The Court rejects this argument. The petition for belated appeal was pending as of August 26, 2008. See McMillan v. Sec'y for the Dep't of Corr., 257 Fed.Appx. 249, 252-53 (11th Cir. 2007) (per curiam) (recognizing that a post-conviction motion is not pending under section 2244(d)(2) between the time that the period to file a timely appeal expires and the filing of a petition for belated appeal, but

accepting that a state petition for belated appeal filed during the AEDPA limitations period tolls the time); Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir. 2000) (finding an application for leave to appeal an application for post-conviction relief out of time followed by such an appeal tolls the limitations period). The Court notes, however, that if the state petition for belated appeal was filed after the AEDPA limitations period already expired, there would be no period left to toll. Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) (holding that the belated appeal motion was not pending during the limitations period; therefore, the state application filed after expiration of the limitations period "does not relate back so as to toll idle periods preceding the filing of the federal petition").

Petitioner filed a Petition for Writ of Habeas Corpus Seeking a Belated Appeal on August 26, 2008, pursuant to the mailbox rule. Ex. 14. The state responded, Ex. 15, and the First District Court of Appeal, on January 26, 2009, granted the petition for belated appeal. Ex. 16. The mandate issued on February 23, 2009. Id. Petitioner filed his appeal brief with the First District Court of Appeal on June 18, 2009, pursuant to the mailbox rule. Ex. 17. The state answered, Ex. 18, and Petitioner replied. Ex. 19. The First District Court of Appeal per curiam affirmed the decision of the trial court on June 8, 2010. Ex. 20. Petitioner moved for rehearing, Ex. 21, and rehearing was denied. Ex. 22. The mandate

issued on August 6, 2010.  Ex. 23.  Thus, the limitations period was tolled from August 26, 2008 until August 6, 2010.

Petitioner had nine days remaining in the one-year period to file a federal petition for writ of habeas corpus, which would have fallen on Sunday, August 15, 2010.  Thus, the one-year limitations period expired on Monday, August 16, 2010.  Petitioner filed his federal Petition on Wednesday, September 8, 2010, pursuant to the mailbox rule, after the one-year limitations period expired.

Petitioner contends that he should be entitled to equitable tolling of the 135-day period (between April 13, 2008 and August 26, 2008).  The Court finds that Petitioner is entitled to equitable tolling under these particular circumstances.  A detailed summary of the events leading up to the belated appeal are provided in light of this conclusion.

Petitioner filed a Rule 3.850 motion, and the state responded that it had no objection to the trial court granting an evidentiary hearing on grounds two and five of the motion.  Ex. 12 at 63-64. Petitioner moved for appointment of counsel, id. at 65-68, which was granted.  Id. at 69-70.  W. Charles Fletcher, Esquire was appointed to represent Petitioner.[4]  Id.  Mr. Fletcher represented Petitioner at the evidentiary hearing on December 3, 2007.  Ex. 12

---

[4] Apparently the Public Defender was briefly appointed to represent Petitioner, but due to a conflict, the Public Defender was allowed to withdraw and Mr. Fletcher was appointed to represent Petitioner.  Ex. 12 at 69-70.

at 73-105.  At the end of the hearing, the court announced that it was going to rule on January 15, 2008.  <u>Id</u>. at 104.

Instead of following the announced schedule, the court, on January 7, 2008, entered an order directing the state to file a written response within thirty days, "at which time the evidentiary hearing shall be reopened." <u>Id</u>. at 106-107.  This Order was sent to defense counsel.  The state, on March 3, 2008, filed its Second Response to Defendant's Motion for Post Conviction Relief.  <u>Id</u>. at 123-25.  On March 11, 2008, the state filed its Supplement to State's Second Response to Defendant's Motion for Post Conviction Relief.  <u>Id</u>. at 126.  Both of these responses were sent to defense counsel.  Without asking for further submissions from defense counsel and without conducting  further evidentiary proceedings, the court denied the motion in its Order Denying Defendant's Motion for Post-Conviction Relief entered on March 13, 2008, and filed on March 14, 2008.  <u>Id</u>. at 135-143.  The order states that the Defendant has thirty days to take an appeal by filing a notice of appeal with the Clerk of the Court.  <u>Id</u>. at 142.  The order was sent to defense counsel.  <u>Id</u>. at 143.  There is a Certificate of Service on the last page of the order stating: "I do certify that a copy hereof has been furnished to the Defendant by United States mail this _____ day of _____, 2008." <u>Id</u>.  The Certificate, however, has not been completed or signed by the Deputy Clerk.  <u>Id</u>.

During the thirty-day period, Petitioner's counsel did not file a notice of appeal.  On April 18, 2008, Mr. Fletcher filed a Motion to Discharge Attorney.  Ex. 13 at 315-16.  There is no indication that he provided a copy of this motion to Petitioner. Id. at 316.  The court entered an order discharging Mr. Fletcher on April 30, 2008.  Id. at 317.  Again, it appears that this order was not provided to Petitioner.  Id.

Petitioner sent an inquiry to the Clerk of Duval County, and the Clerk responded on August 1, 2008, that Petitioner's motion for post conviction relief was denied.  Ex. 14 at 13.  The envelope from the Clerk is dated August 4, 2008.  Id. at 15.  Thereafter, Petitioner prepared his Petition for Writ of Habeas Corpus "Seeking a Belated Appeal," dated August 22, 2008, and filed this petition on August 26, 2008, pursuant to the mailbox rule.  Ex. 14.

In its response to the request for a belated appeal, the state conceded that Petitioner was entitled to a belated appeal, recognizing that Mr. Fletcher received the order denying the motion for post-conviction relief in time to file a timely appeal, he failed to file a timely appeal, and he failed to provide Petitioner with a copy of the order denying the post conviction motion.  Ex. 15 at 1-2.  The state concluded: "Mr. Fletcher nor the trial court did not [sic] forward the order denying Petitioner's Motion for Post-Conviction Relief to him."  Id. at 2.  Petitioner was granted a belated appeal by the First District Court of Appeal.  Ex. 16.

He appealed the denial of his Rule 3.850 motion, Ex. 17, Ex. 18, Ex. 19, and the First District Court of Appeal per curiam affirmed on June 8, 2010.  Ex. 20.  Rehearing was denied, Ex. 21, Ex. 22, and the mandate issued on August 6, 2010.  Ex. 23.

Here, the record reflects that Petitioner's counsel was sent a copy of the state court's order denying the Rule 3.850 motion. Petitioner asserts that "no timely notice of appeal was filed due to gross neglect from post conviction counsel."  Reply at 5. Petitioner argues that he should not be faulted for his lawyer's neglect.  Id. at 6.  Petitioner states that counsel never informed him of the ruling of the trial court, and Petitioner invites this Court to employ equitable tolling for the period appointed counsel "neglected his duties[.]" Id. at 8.

The Eleventh Circuit recently said:

> Binding precedent has laid down two requirements that a federal habeas petitioner must meet before a court can grant him equitable tolling of the § 2244(d) statute of limitations.  In the Supreme Court's words: "[A] petition is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2562 (quotation marks omitted)[.]

Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012), petition for cert. filed (U.S. June 29, 2012) (No. 12-5582).  See Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming without finding that § 2254(d) allows for equitable tolling, and applying

the two-prong test for equitable tolling); Downs v. McNeil, 520
F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling
"is a remedy that must be used sparingly"); see also Brown v.
Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting
that the Eleventh Circuit "has held that an inmate bears a strong
burden to show specific facts to support his claim of extraordinary
circumstances and due diligence.") (citation omitted).  The burden
is on Petitioner to make a showing of extraordinary circumstances
that are both beyond his control and unavoidable with diligence,
and this high hurdle will not be easily surmounted.  Howell v.
Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108
(2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per
curiam) (citations omitted).

     Petitioner is not entitled to receive the benefit of statutory
tolling for the period between April 13, 2008 and August 26, 2008;
however, the Court is convinced that he is entitled to receive the
extraordinary relief of equitable tolling for that period of time.
With regard to the state court's order of January 7, 2008, it was
certainly reasonable to conclude that the court was reopening the
evidentiary hearing and further proceedings would follow.
Petitioner was not informed of the denial of his Rule 3.850 motion,
by either counsel or the state court.  He was also not informed
that his counsel had withdrawn from his post-conviction case.
Nevertheless, the record shows Petitioner exercised due diligence

in attempting to ascertain the status of his Rule 3.850 motion. Once he received the response from the state Clerk's Office that his Rule 3.850 motion had been denied, he promptly pursued his request for a belated appeal of the denial of the Rule 3.850 motion, and then he appealed the denial of that motion.

Under these circumstances, it is appropriate to equitably toll the days between April 13, 2008 and August 26, 2008 (a period of 135 days). Thus, Petitioner had 144 days remaining of the one-year period (after the mandate issued on August 6, 2010), and his Petition filed on September 8, 2010, pursuant to the mailbox rule, was timely filed in light of such equitable tolling.

## EXHAUSTION AND PROCEDURAL DEFAULT

There are prerequisites to a federal habeas review. Recently, the Supreme Court of the United States discussed the doctrine of procedural default:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman, supra, at 747-748, 111 S.Ct. 2546; Sykes, supra, at 84-85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other

> requisites, the state procedural rule is a
> nonfederal ground adequate to support the
> judgment and the rule is firmly established
> and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker
> v. Martin</u>, 562 U.S. ----, ----, 131 S.Ct.
> 1120, 1127–1128, 179 L.Ed.2d 62 (2011); <u>Beard
> v. Kindler</u>, 558 U.S. ----, ----, 130 S.Ct.
> 612, 617–618, 175 L.Ed.2d 417 (2009). The
> doctrine barring procedurally defaulted claims
> from being heard is not without exceptions. A
> prisoner may obtain federal review of a
> defaulted claim by showing cause for the
> default and prejudice from a violation of
> federal law. <u>See</u> <u>Coleman</u>, 501 U.S., at 750,
> 111 S.Ct. 2546.

<u>Martinez v. Ryan</u>, 132 S.Ct. 1309, 1316 (2012).

In addition, the Supreme Court, in addressing the question of

exhaustion, explained:

> Before seeking a federal writ of habeas
> corpus, a state prisoner must exhaust
> available state remedies, 28 U.S.C. §
> 2254(b)(1), thereby giving the State the
> "'opportunity to pass upon and correct'
> alleged violations of its prisoners' federal
> rights." <u>Duncan v. Henry</u>, 513 U.S. 364, 365,
> 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per
> curiam) (quoting <u>Picard v. Connor</u>, 404 U.S.
> 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)
> (citation omitted)). To provide the State
> with the necessary "opportunity," **the prisoner
> must "fairly present" his claim in each
> appropriate state court** (including a state
> supreme court with powers of discretionary
> review), thereby alerting that court to the
> federal nature of the claim. <u>Duncan</u>, <u>supra</u>,
> at 365–366, 115 S.Ct. 887; <u>O'Sullivan v.
> Boerckel</u>, 526 U.S. 838, 845, 119 S.Ct. 1728,
> 144 L.Ed.2d 1 (1999).

<u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (emphasis added). In

<u>Baldwin</u>, the Supreme Court recognized a variety of ways a federal

constitutional issue could be fairly presented to the state court:

by citing the federal source of law, by citing a case deciding the claim on federal grounds, or by labeling the claim "federal." <u>Id</u>. at 32.

Again, procedural defaults may be excused under certain circumstances: "[n]otwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice." <u>Id</u>. at 890 (citations omitted). In order for Petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477 U.S. at 488, 106 S.Ct. 2639). Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." <u>Id</u>. at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106 S.Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir.), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999). However, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Martinez v. Ryan</u>, 132 S.Ct. at 1315.

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or

14

prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

### INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Ground One

The first ground of the Petition is: "Petitioner alleges that the trial court erred in admitting the hearsay statements, thereby depriving Petitioner of his due process of law and to confront the witnesses against him as guaranteed by the Constitution of the

State of Florida and the Constitution of the United States."
Petition at 6(a).  Indeed, "[i]n all criminal prosecutions, the
accused shall enjoy the right . . . to be confronted with the
witnesses against him[.]" U.S. Const. amend. VI.

This issue was raised on direct appeal:

> The trial court abused its discretion in
> allowing the state to present evidence of
> statements made by the alleged victim to her
> mother and to an employee of the Children's
> Crisis Center, since such testimony was
> hearsay, thereby depriving Appellant of his
> rights to due process of law and to confront
> the witnesses against him secured by the
> Constitution of the State of Florida and the
> Constitution of the United States of America.

Ex. 9 at i.  The First District Court of Appeal per curiam
affirmed.  Ex. 11.

The record reflects the following.  The state provided notice
of hearsay evidence.  Ex. 2 at 13-16.  A hearing was conducted on
October 16, 2003, and Todd Darling, Ivette Bon, and Marisol Aguilar
testified.  Ex. 1 at 199-310.  Thereafter, on October 20, 2003, the
trial court, in a detailed order, found the child hearsay
statements to be admissible.  Ex. 2 at 26-35.  The court explained:

> The Court concludes that the reliability
> and probative value of the child's hearsay
> statements outweigh any danger that the
> statements will unfairly prejudice the
> defendant, confuse the issues at trial,
> mislead the jury, or result in the
> presentation of needlessly cumulative
> evidence[.]
>
> (1) After considering the totality of
> the circumstances, and without considering

16

> other corroborating evidence to determine the
> reliability of [the victim's] statements,
> *Townsend*, 635 So[.]2d at 958, the Court
> concludes that the statements of [the victim]
> to her mother, Ms. Aguilar, and to Mr[.]
> Darling, regarding the Defendant's commission
> of cunnilingus and penile-vaginal intercourse
> on her, are reliable and trustworthy, and are
> admissible as exceptions to the hearsay rule
> pursuant to section 90[.]802(23), Fla[.]
> Stat[.]

Ex. 2 at 35.

Although the Respondents contend otherwise, Response at 17-18, the Court finds that Petitioner fairly presented a federal Confrontation Clause claim to the state court.  See Hartge v. McDonough, 210 Fed.Appx. 940, 944-46 (11th Cir. 2006) (per curiam) (recognizing that by referencing Idaho v. Wright, 497 U.S. 805 (1990) in conjunction with a Confrontation Clause claim challenging whether the child hearsay statements bore indicia of reliability, the federal Confrontation Clause claim was fairly presented). Petitioner challenged the reliability of the statements, citing Wright in support of his Confrontation Clause claim.  Ex. 9.

Although neither the Petitioner nor the state cited Crawford v. Washington, 541 U.S. 36 (March 8, 2004) in their briefs, at the time the direct appeal briefs were filed,[5] the Crawford decision

---

[5] Petitioner's Notice of Appeal was filed on December 31, 2003.  Ex. 2 at 96.  The Initial Brief of Appellant is dated June 30, 2004, Ex. 9, and the Answer Brief of Appellee is dated September 24, 2004.  Ex. 10.

had been issued, abrogating Ohio v. Roberts, 448 U.S. 56 (1980).

In Crawford, the United States Supreme Court stated:

> The Sixth Amendment's Confrontation Clause provides, that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." We have held that this bedrock procedural guarantee applies to both federal and state prosecutions. Pointer v. Texas, 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

Crawford, 541 U.S. at 42. The right to confrontation is a trial right. Testimonial hearsay cannot be introduced at trial unless the declarant was unavailable and the defendant had a prior opportunity to cross examine the declarant. Id. at 68. "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Id. at 68-69.

Crawford was applicable to pipeline cases, Petitioner's case was pending on direct appeal when Crawford was decided, and Crawford was applicable to Petitioner's case on direct appeal. "[F]ailure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication." Griffith v. Kentucky, 479 U.S. 314, 322 (1987). "Moreover, all of the United States Supreme Court decisions applying or announcing rules of criminal law must be 'applied retroactively to all cases, State or Federal, pending on

direct review or not yet final, *with no exception for cases in which the new rule constitutes a "clear break" with the past.'"* State v. Belvin, 986 So.2d 516, 526 (Fla. 2008) (quoting Griffith v. Kentucky, 479 U.S. at 328).

Of course, "[t]he right to confront one's accusers is a concept that dates back to Roman times." Crawford, 541 U.S. at 43 (citing Coy v. Iowa, 487 U.S. 1012, 1015 (1988)). Furthermore, "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." Id. at 59 (footnote omitted). The Eleventh Circuit recently found, "[t]his means that the prosecution may not introduce 'testimonial' hearsay against a criminal defendant, regardless of whether such statements are deemed reliable, unless the defendant has an opportunity to cross-examine the declarant, or unless the declarant is unavailable and the defendant had prior opportunity for cross-examination." United States v. Ignasiak, 667 F.3d 1217, 1230 (11th Cir. 2012) (citation omitted).

In the instant case, Petitioner had the opportunity to cross examine the child victim. She testified at trial. Ex. 6 at 590-616. She was subjected to full cross examination by the defense. Id. at 604-14. The Eleventh Circuit has held that the "Confrontation Clause does not prohibit the use of prior testimonial statements when the declarant is available for cross-

examination at trial." <u>Campbell v. Herdon</u>, 302 Fed.Appx. 864, 865 (11th Cir. 2008) (per curiam), <u>cert</u>. <u>denied</u>, 129 S.Ct. 1916 (2009). The record shows that the victim was present at trial and she was subjected to unrestricted cross examination. Therefore, Petitioner had the opportunity for effective cross examination of both the victim's current and out-of-court statements. Therefore, the protections of the oath, cross examination, and the ability of the jury to observe the witness' demeanor were all satisfied at trial. In this instance, the Confrontation Clause was not violated by the admission of the victim's out-of-court statements because the victim testified at trial and was subjected to rigorous testing through full cross examination. Petitioner is not entitled to habeas relief on ground one.

In the alternative, the state court's adjudication of this claim was not contrary to or an unreasonable application of clearly established federal law, and was not an unreasonable determination of the facts in light of the evidence. Accordingly, Petitioner is not entitled to relief on the basis of ground one of the Petition.

### Ground Two

In this ground, Petitioner raises a Sixth Amendment claim asserting he received ineffective assistance of trial counsel for the following reasons: (1) improperly handling a motion for judgment of acquittal, a motion for new trial, and jury

instructions;[6] (2) failing to object to prosecutorial misconduct; (3) improperly responding to the jury's request for read-back of testimony and for a review of a videotaped interview; and (4) failing to impeach the victim with respect to her statements concerning a 911 call.

The trial court, in addressing Petitioner's Rule 3.850 motion, applied the standard for reviewing an ineffective assistance of counsel claim, as set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Ex. 12 at 136.  In denying relief, the court said:

> The Defendant's first claim of ineffective assistance of counsel contains eight (8) subclaims.  The Defendant's first subclaim alleges that defense counsel, Ms. Wilson, improperly timed the Motion for Judgment of Acquittal, which allowed the State to reopen the case-in-chief and correct a fundamental error.  At the close of the State's case, defense counsel moved for a Judgment of Acquittal.  (Exhibit "D," pages 617-623.)  The Court reserved ruling on the Motion as to Count Two, but denied the Motion as to Count One.  (Exhibit "D," page 623.)  Upon revisiting the Motion at the start of testimony the following day, defense counsel argued an additional point: the fact that the State failed to prove the Defendant's age, an essential element of the crime.  (Exhibit "E," page 655.)  The Defendant alleges that defense counsel should not have raised this issue during the Motion for Judgment of Acquittal,

---

[6] Although the claim is couched in terms of the Fifth, Sixth and Fourteenth Amendments, upon review, Petitioner actually raises a Sixth Amendment claim of ineffective assistance of trial counsel in the body of his Petition.  Therefore, ground two will be addressed as a Sixth Amendment claim.  Any claim under the Fifth and Fourteenth Amendments is unsupported and is due to be denied.

but instead, should have raised it after the trial, when the Court would have been required to grant a new trial.  There is no reasonable probability that, had defense counsel argued as the Defendant suggests, such a Motion would have been granted and the Defendant would have been acquitted.  <u>See</u> <u>Ferguson v. State</u>, 593 So.2d 508 (Fla. 1992) ("Although in hindsight one can speculate that a different argument may have been more effective, counsel's argument does not fall to the level of deficient performance simply because it ultimately failed.").  Moreover, when the state's failure of proof could have been corrected if it had been called to the state's attention, a defense counsel's ineffective assistance would not have affected the outcome of a defendant's case, and post-conviction relief would not be available.  <u>T.H. v. State</u>, 782 So.2d 985, 996 n.1 (Fla. 4th DCA 2001) (Klein, J., concurring).  Assuming *arguendo* that defense counsel's Motion for Judgment of Acquittal was ill-timed, the Defendant has failed to show prejudice to his case as required by <u>Strickland</u>. 468 U.S. 668.

Ex. 12 at 136-37 (footnote omitted).  The trial court continued:

The Defendant's fifth and seventh subclaims contend that defense counsel filed an untimely and insufficient Motion for New Trial.[7]  The Defendant argues that had counsel filed a timely and sufficient Motion for New Trial, the Motion would have been granted. This Court finds the Motion filed was both timely and sufficient, having been denied on its merits.  (Exhibit "F.")  As to the Defendant's seventh subclaim, which contends that defense counsel filed an inadequate boiler plate Motion for New Trial, this Court

_____

[7] The Motion for New Trial was filed on November 20, 2003. Ex. 2 at 77.  The second page of the Motion for New Trial was not submitted to this Court as page 78 is missing from the record.  The Motion for New Trial was denied at proceedings conducted on December 12, 2003.  <u>Id</u>. at 79, 342-43.

> finds that the Motion was adequately pled.
> (Exhibit "G.")

Ex. 12 at 137.

The court further explained:

> The Defendant's remaining subclaims
> generally relate to the Defendant's first
> subclaim of defense counsel's alleged ill-
> timed Motion for Judgment of Acquittal. Those
> subclaims are: binding precedent allowed a
> safe challenge; lack of proof of defendant's
> age assured a new trial; defective jury
> instruction; loss of appropriate jurisdiction
> and appellate review; and constitutional
> violation and prejudice. This Court has
> reviewed these subclaims and finds that they
> are conclusory. Parker v. State, 904 So.2d
> 370, 375 n.3 (Fla. 2005). Accordingly, the
> Defendant's first ground is denied.

Ex. 12 at 137-38.

With regard to the claim that counsel performed deficiently in

dealing with what Petitioner believed to be prosecutorial

misconduct, the court held:

> The Defendant's second ground contains
> several subclaims. The Defendant's subclaims
> I and II(a)-(3) allege prosecutorial
> misconduct for using the Defendant's
> girlfriend as an agent for the State. The
> Defendant alleges that the State directed the
> Defendant's girlfriend on how to testify at
> trial. During the evidentiary hearing held on
> the Defendant's Motion, defense counsel Ms.
> Wilson testified that at no time was the
> Defendant's girlfriend an agent of the State.
> (Exhibit "A," pages 17-18.) Ms. Wilson also
> testified that had there been any indication
> that the Defendant's girlfriend was an agent
> of the State, she would have filed a Motion to
> Suppress. (Exhibit "A," page 18.)

Ex. 12 at 138.

23

With respect to Petitioner's claim that counsel was ineffective for improperly responding to the jury's request for read-back of testimony and for a review of a videotaped interview, the trial court concluded:

> In the Defendant's fourth ground for relief he alleges defense counsel was ineffective in her handling of the jury's request to review the videotape of the child victim. During deliberations, the jury sent a note requesting to rewatch the video of the victim being interviewed. (Exhibit "J," pages 818-38.) In order for the jury to understand the victim's testimony, which was in Spanish, the Court read the translated testimony of the victim immediately after the jury viewed the victim's taped testimony. The Defendant alleges this method was prejudicial in that it put an undue emphasis on the victim's words because the jury "heard" the testimony twice. The Defendant alleges that the starting, stopping, and translating of testimony took too much time and emphasized the testimony unfairly. while it has been determined that videotaped out-of-court interviews properly introduced into evidence should not be allowed into the jury room during deliberations, a trial judge is not prevented from allowing the jury to *view* the video a second time in open court upon request under Florida Rule of Criminal Procedure 3.410. See Young v. State, 645 So.2d 965 (Fla. 1994) (emphasis added). Consequently, this Court finds that the Defendant has failed to show prejudice on the part of defense counsel.
>
> Additionally, the Defendant claims that defense counsel was ineffective for not objecting to the Court's denial of a jury request to rehear the testimony from both the child victim and her mother. "A trial court need only answer questions of law, not of fact, when asked by a jury and has wide discretion in deciding whether to have testimony reread." Coleman v. State, 610

So.2d 1283, 1286 (Fla. 1992) (no abuse of
discretion found in refusing to reread
testimony of witness and instructing jury to
rely on collective memory of the evidence).
The Defendant has failed to establish defense
counsel's actions were unreasonable, and as
such, has failed to set out a valid
ineffective assistance claim. Strickland, 466
U.S. 668.  The Defendant's fourth ground for
relief is denied.

Ex. 12 at 139-40.[8]

Finally, with respect to Petitioner's claim that he received

the ineffective assistance of counsel due to counsel's failure to

impeach the victim with respect to her statements concerning a 911

call, the trial court rendered the following decision:

In the Defendant's fifth ground for
relief he alleges defense counsel was
ineffective for failing to conclusively
impeach the child victim regarding the 911
call.  The Defendant argues defense counsel
should have impeached the witness more
vigorously on the subject of the 911 call in
order to show that there was a dispute as to
whether or not the call was made.  During the
trial, defense counsel did in fact bring up
the subject of the 911 call on cross
examination of the witness, and the State
followed up with questions on redirect
examination.  During these two examinations
the witness contradicted herself multiple
times.  (Exhibit "K," pages 611-612, 615.)
While the Defendant argues that the
inconsistencies of the child victim were not
sufficiently brought out by defense counsel,
this Court notes that the "standard is
reasonably effective counsel, not perfect or
error-free counsel." Coleman v. State, 718
So.2d 827, 829 (Fla. 4th DCA 1998).

---

[8] The jury questions and the responses of counsel are found in
the record.  Ex. 7 at 819-25, 839-40.

Although the Defendant may not agree with the manner in which defense counsel brought the inconsistencies to the attention of the jury, the topic was covered in a reasonably effective manner. Not only did Ms. Wilson cover the topics during her cross examination, she highlighted all of the victim's inconsistencies in both her closing statements. (Exhibits "L," pages 737-741, "M.") These inconsistencies demonstrated the victim's credibility throughout, and served as examples for the jury as to how the victim contradicted herself. Thus, this Court finds that the Defendant has failed to establish error which prejudiced his trial stemming from counsel's actions as is required by <u>Strickland</u>. 468 U.S. 668. Accordingly, the Defendant's fifth ground for relief is denied.

Ex. 12 at 140-41.

Upon review, the factual findings of the trial court are supported by the record. Petitioner has not overcome the presumption of correctness by clear and convincing evidence. Next, in evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, the Court recognizes that there is a strong presumption in favor of competence. The presumption that counsel's performance was reasonable is even stronger when, as in this case, counsel is an experienced criminal defense attorney.[9]

---

[9] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." <u>Chandler v. United States</u>, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc), <u>cert</u>. <u>denied</u>, 531 U.S. 1204 (2001); <u>see</u> <u>Williams v. Head</u>, 185 F.3d 1223, 1229 (11th Cir. 1999) (noting that "[i]t matters to our analysis" whether the attorney is an experienced criminal defense attorney), <u>cert</u>. <u>denied</u>, 530 U.S. 1246 (2000). Ms. Wilson had been with the Public Defender's Office since 1991, starting as a legal intern, through June 2000. Ex. 12 at 87. She returned to the Public Defender's Office in January, 2003. <u>Id</u>. at 87-88. She had tried in excess of thirty jury

The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).

The trial court concluded that defense counsel was not ineffective.  Not only did the court find counsel's performance within the range of reasonably competent counsel, the court also found Petitioner failed to show prejudice.  Ex. 12 at 137, 140-41. Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided.   Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

Petitioner is not entitled to relief on ground two of the Petition, the claim of ineffective assistance of trial counsel. Deference, under AEDPA, should be given to the state court's decision.   Petitioner appealed to the First District Court of Appeal, Ex. 17, and the appellate court affirmed on June 8, 2010. Ex. 20.  The mandate issued on August 6, 2010.  Ex. 23.  The state

---

trials.  Id. at 88.

court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.  Ground two is due to be denied.

## CERTIFICATE OF APPEALABILITY

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted.  <u>See</u> Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  <u>See</u> <u>Slack</u>, 529 U.S. at 484.  However, when the district court has rejected a claim on procedural grounds, the petitioner must show

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Second Amended Petition for Writ of Habeas Corpus (Doc. #15) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Second Amended Petition, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of September, 2012.

ROY B. DALTON JR.
United States District Judge

sa 9/6
c:
Abraham C. Cortes
Ass't A.G. (Duffy)